http://www.va.gov/vetapp16/Files4/1630405.txt

Citation Nr: 1630405 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 14-28 915A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada

THE ISSUES

1. Entitlement to compensation under the provisions of 38 U.S.C.A. § 1151 for stroke and its residuals. 

2. Entitlement to service connection for depression and anxiety, to include as secondary to stroke and its residuals.

3. Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities.

REPRESENTATION

Appellant represented by: Amy Kretkowski, Attorney

ATTORNEY FOR THE BOARD

Sarah Richmond, Counsel

INTRODUCTION

The Veteran had active military service from February 1957 to August 1960.

This matter comes to the Board of Veterans' Appeals (Board) from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Reno, Nevada. In March 2012 the RO denied entitlement to compensation under 38 U.S.C.A. § 1151 for stroke. The RO denied entitlement to service connection for depression to include anxiety and a TDIU in January 2014.

A VA-Form 9 dated in August 2014 was received in October 2015, which would not have been timely; however, email correspondence from the Veteran's representative notes that the VA-Form was sent to the Evidence Intake Center in Janesville, Wisconsin. Thus, the RO accepted the VA-Form 9 as timely.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran contends that in May 2008 the VAMC in Reno instructed him to stop taking his Warfarin medication for another medical procedure, which took place at the VAMC in San Francisco, which resulted in him having a stroke. See, e.g., January 19, 2012 report of contact.

A medical opinion addressing the Veteran's claim was provided in February 2012 but the examining clinician's opinion is contradictory. Specifically, the examiner found that VA care did not cause or create an additional disability because the Veteran had atrial fibrillation, which is a well-known risk of causing a stroke. The examiner indicated that treatment with Warfarin would decrease the risk of stroke significantly but not to zero. The examiner also found that stroke was an ordinary risk of treatment provided; but also determined that stroke was an event not reasonably foreseeable, as the risk of stroke was supposed to be reduced with Warfarin. Finally, the examiner determined that with respect to whether there was careless or negligence, etc, on the part of the VA treatment providers, which caused the additional disability, the answer was, No. However, the examiner further noted that the only possible error in judgment might have existed in not making certain that the Veteran understood to restart his Warfarin. It appears that the examiner did not fully understand the questions provided, as the opinion was contradictory, i.e., the outcome cannot be both an event not reasonably foreseeable, and an ordinary risk of treatment. It also is not clear as to whether the examiner determined that the treatment was negligent, as the examiner seems to note a hypothetical situation based on the lack of complete records to review. On remand, a supplemental opinion is necessary to resolve this matter.

The medical records reflecting the stopping and starting of the Warfarin also are not in the file. The February 2012 medical opinion notes that the Veteran was treated with Warfarin until he developed a hematuria and was hospitalized on Apri 1, 2008, at which time the Warfarin was held briefly and appropriately. It was further noted that he was re-prescribed Warfarin on discharge on April 5, 2008, at which time he was told to hold the Warfarin himself until he saw his urologist for a cystoscopy on April 9, 2008. The examiner noted that whether the urologist told the Veteran to resume the order was unknown but that notes from the primary care doctor clearly stated that the Veteran was to resume Warfarin for atrial fibrillation on April 23, 2008. These records must be obtained on remand, as well.

As for the service connection claim for depression, secondary to the stroke and claim for entitlement to TDIU, these matters are inextricably intertwined with the 38 U.S.C.A. § 1151 claim, and are deferred until resolution of this matter. A November 2011 VA TDIU opinion notes that the Veteran had not worked since 2008 due to his stroke.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Make arrangements to obtain relevant treatment records pertaining to the Veteran for stroke residuals and depression from the VAMC in Reno from July 2014 to present; and in particular records regarding the change in Warfarin treatment at the VAMC in Reno from April 1, 2008 to May 31, 2008 and whether he was told to restart his Warfarin on April 23, 2008; and the VAMC in San Francisco from April 1, 2008 through May 31, 2008 pertaining to his urology treatment and whether he was told to restart his Warfarin on April 23, 2008. If efforts to obtain these records are unsuccessful, notify the Veteran and indicate what further steps VA will make concerning this claim.

2. Ask the Veteran to identify any additional treatment he has received for his stroke residuals and depression. Make reasonable efforts to obtain any records identified and notify the Veteran of any negative responses and what further steps VA will make concerning his claim.

3. Thereafter, return the VBMS file to the examiner who provided the February 2012 opinion, if still available, for a supplemental opinion, addressing the Veteran's 38 U.S.C.A. § 1151 claim with respect to stroke and its residuals due to treatment at the VAMC in Reno and/ or San Francisco in April 2008. If the former examiner is not available, then arrange for a medical opinion with another suitably qualified examiner. The examiner should review the VBMS file in conjunction with the opinion. 

The examiner should provide opinions as to the following: 

(a) Does the Veteran have any residuals (additional disability) from the treatment from April 1, 2008 to April 5, 2008 at the VAMC in Reno, or from the VAMC in San Francisco from April 5, 2008 to April 9, 2008, to include as a result of being taken off of Warfarin for treatment for hematuria and upcoming urology procedure? If so, is such additional disability the result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA in conducting the treatment? 

(b) In the course of the treatment from the VAMC in Reno from April 1, 2008 to April 5, 2008, or at the VAMC in San Francisco from April 5, 2008 to April 9, 2008, did VA fail to exercise the degree of care that would be expected of a reasonable health care provider in terms of managing the Veteran's Warfarin medication appropriately for his atrial fibrillation? 

(c) Was the proximate cause of the identified additional disability (stroke) due to an event not reasonably foreseeable, i.e., would a reasonable health care provider have considered stroke to be an ordinary risk of the treatment at issue? 

A complete rationale for any opinion expressed must be provided. If an opinion cannot be expressed without resort to speculation, discuss why this is the case. In this regard, indicate whether the inability to provide a definitive opinion is due to a need for further information or because the limits of medical knowledge have been exhausted regarding the etiology of the disability at issue or because of some other reason. 

4. Next, review the medical opinions obtained above to ensure that the remand directives have been accomplished. If all questions posed are not answered or sufficiently answered, return the case to the examiner for completion of the inquiry.

5. Finally, readjudicate the claim on appeal based on all relevant evidence submitted since the July 2012 SOC concerning the 38 U.S.C.A. § 1151 claim, service connection claim for depression, and claim for a TDIU. If any of the benefits remains denied, issue the Veteran and his representative a Supplemental Statement of the Case and allow for a reasonable period to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

 (Continued on the next page)

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).